**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERLINDA MONCADA,**

    **Plaintiff,**

**v.**                                            **Case No:**

**OCWEN LOAN SERVICING, LLC**,
                                          **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **ERLINDA MONCADA** ("Mrs. Moncada" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **OCWEN LOAN SERVICING, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by misrepresenting that Mrs. Moncada owes an alleged debt when Defendant knows that such Debt was discharged in Mrs. Moncada's Bankruptcy in 2009 and when Defendant

knows that Mrs. Moncada has previously sued Defendant for such misrepresentations in connection with collection of the same alleged Debt, which can reasonably be expected to harass Mrs. Moncada.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Ms. Moncada, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a(3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

5. At all times material hereto, Defendant was and is a foreign limited liability corporation with its principle place of business in the State of Delaware and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

6. At all times material hereto, Defendant is a "Debt Collector" as defined by Fla. Stat. § 559.72 (7) and 15 U.S.C. § 1692a (6).

*Statements of Fact*

7. On or around May of 2006, Ms. Moncada executed and delivered a note and mortgage (collectively "Mortgage") that was secured by property located at 512 Swann Range Road, Orange City, Florida 32763 ("Property").

8. Thereafter, Ms. Moncada encountered financial difficulty and fell behind on her monthly installment payments towards the Mortgage.

9. On or around September 2, 2007, Ms. Moncada's Mortgage fell into default.

10. On or around October 13, 2009, Ms. Moncada filed for Chapter 7 bankruptcy relief ("Bankruptcy Case"). *See* M.D. Fla. Case No: 8:09-bk-23159-KRM.

11. Ms. Moncada included the Property and all mortgage investor interests (collectively "Mortgage Owner") relevant thereto in the Bankruptcy Case.

12. On or around March 17, 2010, the Court issued an order granting Ms. Moncada a discharge in the Bankruptcy Case ("Discharge Order"). **See Exhibit A**.

13. The Discharge Order terminated any rights that the Mortgage Owners and any purported assignee of the Mortgage thereafter, including Defendant, had against Ms. Moncada with respect to the underlying Mortgage debt ("Debt").

14. The original Mortgage Owner, American Home Mortgage, Inc., received notice of the Discharge of Debtor. **See Exhibit B**.

15. Thereafter, the Mortgage Owners from the Bankruptcy Case transferred, assigned, and/or sold the Debt and/or the servicing rights of the Mortgage to Defendant.

16. Under information and belief, Defendant obtained ownership of, or rights to the Mortgage after the mortgage went into default and the Debt was discharged in Bankruptcy.

17. At all times relevant hereto, Defendant had actual knowledge that Ms. Moncada was the debtor in a Chapter 7 Bankruptcy Case, that she was granted the discharge in that case, and that she was subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under applicable Bankruptcy law, specifically 11 U.S.C. § 524.

18. Defendant had actual knowledge of the fact that the Debt had been discharged in Ms. Moncada's Bankruptcy Case because Defendant had access to all records of the original Mortgage Owner, American Home Mortgage, Inc., concerning the account, including but not limited to the records of the Bankruptcy Case, and all papers that were transferred to Defendant at the time of the acquisition of the Mortgage from the Mortgage Owners.

19. Under information and belief, Defendant had actual knowledge of the fact that the Debt had been discharged in Ms. Moncada's Bankruptcy Case because the original Mortgage Owner, American Home Mortgage, Inc., advised Defendant of this circumstance upon Defendant becoming servicer.

20. At no time has the Debt been declared to be non-dischargeable in bankruptcy.

21. At no time has Ms. Moncada reaffirmed the subject Debt.

22. Despite Ms. Moncada no longer being personally responsible for the Debt pursuant to the Discharge Order and Defendant's knowledge of that fact, Defendant continued to communicate with Ms. Moncada in attempts to collect the Debt.

23. Accordingly, in December of 2017, Ms. Moncada filed suit against Defendant alleging that Defendant's continued collection activity violated Ms. Moncada's rights under the TCPA, FDCPA, and FCCPA. *See* M.D. Fla. Case no. 8:14-cv-03118-VMC-TBM ("First Harassment Lawsuit").

24. On or around May 24, 2018, Ms. Moncada voluntarily dismissed her First Harassment Lawsuit against Defendant.

25. Despite Defendant's knowledge that Ms. Moncada did not owe the Debt pursuant to the Discharge Order and even after Ms. Moncada sued Defendant for its illegal debt collection activities, Defendant has still continued to communicate with Ms. Moncada in connection with collection of the Debt after May 24, 2018.

26. Specifically, in or around July 2018, Defendant began mailing collection letters to Ms. Moncada again in attempts to collect the Debt.

27. On or around July 9, 2018, Defendant sent a collection letter directly to Ms. Moncada in connection of the discharged Debt ("Collection Letter 1"). *See* **Exhibit C.**

28. Collection Letter 1 was individually addressed to Ms. Moncada, listed the Property address, a Due Date of "Due Now," a total amount due of $286,496.11, a reinstatement amount of $75,481.64, past due fees/other charges of $11,442.16, a statement that "this is an attempt to collect the debt and any information will be used for

that purpose," and options for payment including pay by phone, pay online, or pay by mail using the payment coupon included therein. *See* **Exhibit C.**

29. On or around September 17, 2018, Defendant sent another collection letter directly to Ms. Moncada in connection of the discharged Debt ("Collection Letter 2"). *See* **Exhibit D.**

30. Collection Letter 2 was individually addressed to Ms. Moncada, listed the Property address, a Due Date of "Due Now," a total amount due of $269,589.63, a reinstatement amount of $49,911.67, past due fees/other charges of $8,832.44, a statement that "this is an attempt to collect the debt and any information will be used for that purpose," and options for payment including pay by phone, pay online, or pay by mail using the payment coupon included therein. *See* **Exhibit D.**

31. On or around October 17, 2018, Defendant sent yet another collection letter directly to Ms. Moncada in connection of the discharged Debt ("Collection Letter 3"). *See* **Exhibit E.**

32. Collection Letter 3 was individually addressed to Ms. Moncada, listed the Property address, a Due Date of "Due Now," a total amount due of $270,800.10, a reinstatement amount of $50,735.37, past due fees/other charges of $8,469.16, a statement that "this is an attempt to collect the debt and any information will be used for that purpose," and options for payment including pay by phone, pay online, or pay by mail using the payment coupon included therein. *See* **Exhibit E.**

33. On November 9, 2018, Defendant sent a collection letter directly to Ms. Moncada stating that, "IMMEDIATE ACTION IS REQUIRED IF PROOF OF

EXISTING COVERAGE CAN BE SHOWN" and demanding that Ms. Moncada purchase hazard insurance for the Property or else Defendant will purchase its own insurance that will cost Ms. Moncada $2,650.00 annually ("Collection Letter 4"). *See* **Exhibit F.**

34. On or around November 19, 2018, Defendant sent a collection letter directly to Ms. Moncada in connection of the discharged Debt ("Collection Letter 5"). *See* **Exhibit G.**

35. Collection Letter 5 was individually addressed to Ms. Moncada, listed the Property address, a Due Date of "Due Now," a total amount due of $272,097.79, a reinstatement amount of $51,559.06, past due fees/other charges of $8,469.16, a statement that "this is an attempt to collect the debt and any information will be used for that purpose," and options for payment including pay by phone, pay online, or pay by mail using the payment coupon included therein. *See* **Exhibit G.**

36. On December 4, 2018, Defendant sent a collection letter directly to Ms. Moncada stating that, "IMMEDIATE ACTION IS REQUIRED IF PROOF OF EXISTING COVERAGE CAN BE SHOWN" and demanding that Ms. Moncada purchase hazard insurance for the Property or else Defendant will purchase its own insurance that will cost Ms. Moncada $2,650.00 annually ("Collection Letter 6"). *See* **Exhibit H.**

37. On or around December 17, 2018, Defendant sent a collection letter directly to Ms. Moncada in connection of the discharged Debt ("Collection Letter 7"). *See* **Exhibit I.**

38. Collection Letter 7 was individually addressed to Ms. Moncada, listed the Property address, a Due Date of "Due Now," a total amount due of $273,297.66, a reinstatement amount of $52,382.75, and past due fees/other charges of $8,469.16, a statement that "this is an attempt to collect the debt and any information will be used for that purpose," and options for payment including pay by phone, pay online, or pay by mail using the payment coupon included therein. *See* **Exhibit I.**

39. On or around January 17, 2019, Defendant sent a collection letter directly to Ms. Moncada in connection of the discharged Debt ("Collection Letter 8"). *See* **Exhibit J.**

40. Collection Letter 8 was individually addressed to Ms. Moncada, listed the Property address, a Due Date of "Due Now," a total amount due of $276,372.04, a reinstatement amount of $53,206.44, and past due fees/other charges of $8,469.16, a statement that "this is an attempt to collect the debt and any information will be used for that purpose," and options for payment including pay by phone, pay online, or pay by mail using the payment coupon included therein. *See* **Exhibit J.**

41. Defendant send Collection Letters 1-8 (all collectively "Collection Letters") to Mrs. Moncada in attempts to collect the Debt.

42. As evidence of Defendant's pattern or practice of violating consumer rights, on April 20, 2017, the Consumer Financial Protection Bureau brought an action against Defendant for multiple consumer rights violations including allegations relevant to this complaint that Defendant serviced loans using error-riddled information, illegally foreclosed on homeowners, mishandled hazard insurance, and failed to adequately

investigate and respond to borrower complaints. Consumer Financial Protection Bureau v. Ocwen Financial Corporation, Inc. et al, No: 9:17-cv-80495-KAM, (S.D. Fla. Apr. 20, 2017). *See* **Exhibit K.**

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

43. Mrs. Moncada re-alleges paragraphs 1-42 and incorporates the same herein by reference.

44. Mrs. Moncada is a "consumer" within the meaning of the FDCPA.

45. The subject debt is a "consumer debt" within the meaning of the FDCPA.

46. Defendant is a "debt collector" within the meaning of the FDCPA.

47. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Mrs. Moncada and not discharged pursuant to the Discharge Order in Ms. Moncada's Bankruptcy Case when it sent her the Collection Letters.

   b. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the right to charge Ms. Moncada for hazard insurance.

   c. Defendant violated 15 U.S.C. § 1692e(10) by sending Ms. Moncada the Collection Letters in attempt to collect the Debt and falsely representing the legal status of the Debt as not discharged pursuant to the Discharge Order in Ms. Moncada's Bankruptcy

when it sent her the Collection Letters and Hazard Insurance Letter.

    d. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt that Defendant knew was not permitted by law to collect pursuant to the Discharge Order.

48. As a result of the above violations of the FDCPA, Mrs. Moncada has been subjected to illegal collection activities for which she has been damaged.

49. Defendant's actions have harmed Ms. Moncada by causing her stress because its Collection Letters were sent in an attempt to collect the Debt that Ms. Moncada no longer owes by virtue of the Discharge Order.

50. Defendant's actions have harmed Ms. Moncada by violating her individual right to not owe the Debt by virtue of the Discharge Order.

51. Defendant's actions have harmed Ms. Moncada by violating her statutory right to not receive deceitful information from Defendant in an attempt to collect an uncollectible Debt.

52. Defendant's actions have harmed Ms. Moncada by violating her statutory right to not receive misrepresentations as to the legal status of the Debt from Defendant.

53. Defendant's actions have harmed Ms. Moncada by violating her statutory right to not be contacted about a Debt that was discharged by the Discharge Order.

54. Defendant's actions have harmed Ms. Moncada by harming her reputation.

55. Defendant's actions have harmed Ms. Moncada by causing her embarrassment.

56. Defendant's actions have harmed Ms. Moncada by invading her privacy.

57. Defendant's actions have harmed Ms. Moncada by being a nuisance and causing her aggravation.

58. Defendant's actions have harmed Ms. Moncada by causing her emotional distress.

59. Defendant's actions have harmed Ms. Moncada by causing her to lose sleep.

60. It has been necessary for Ms. Moncada to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

61. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

62. Mrs. Moncada re-alleges paragraphs 1-42 and incorporates the same herein by reference.

63. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) by sending the Collection Letters directly to Ms. Moncada when Defendant knew that Mrs. Moncada no longer owed the Debt by virtue of Discharge Order and when Defendant knew that Ms. Moncada had previously sued Defendant for its illegal collection activity, which can reasonably be expected to annoy, abuse, and harass Ms. Moncada.

   b. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the legal status of the Debt as still personally owed by Ms. Moncada not discharged pursuant to the Discharge Order in Ms. Moncada's Bankruptcy when it sent her the Collection Letters.

   c. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the right to charge Ms. Moncada for hazard insurance.

64. As a result of the above violations of the FCCPA, Mrs. Moncada has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

65. Defendant's actions have harmed Ms. Moncada by causing her stress because its Collection Letters were sent in an attempt to collect the Debt that Ms. Moncada no longer owes by virtue of the Discharge Order.

66. Defendant's actions have harmed Ms. Moncada by violating her individual right to not owe the Debt by virtue of the Discharge Order.

67. Defendant's actions have harmed Ms. Moncada by violating her statutory right to not receive deceitful information from Defendant in an attempt to collect an uncollectible Debt.

68. Defendant's actions have harmed Ms. Moncada by violating her statutory right to not receive misrepresentations as to the legal status of the Debt from Defendant.

69. Defendant's actions have harmed Ms. Moncada by violating her statutory right to not be contacted about a Debt that was discharged by the Discharge Order.

70. Defendant's actions have harmed Ms. Moncada by harming her reputation.

71. Defendant's actions have harmed Ms. Moncada by causing her embarrassment.

72. Defendant's actions have harmed Ms. Moncada by invading her privacy.

73. Defendant's actions have harmed Ms. Moncada by being a nuisance and causing her aggravation.

74. Defendant's actions have harmed Ms. Moncada by causing her emotional distress.

75. Defendant's actions have harmed Ms. Moncada by causing her to lose sleep.

76. It has been necessary for Mrs. Moncada to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

77. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

    g.

## DEMAND FOR JURY TRIAL

Plaintiff, Erlinda Moncada, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 28, 2019**,

    */s/ Michael A. Ziegler*
    Michael A. Ziegler, Esq.
    Florida Bar No. 74864
    mike@zieglerlawoffice.com

    */s/ Kaelyn Steinkraus*
    Kaelyn Steinkraus, Esq.
    Florida Bar No. 125132
    kaelyn@zieglerlawoffice.com

                                      Law Office of Michael A. Ziegler, P.L.
                                      2561 Nursery Road, Suite A
                                      Clearwater, FL 33764
                                      (p)  (727) 538-4188
                                      (f)  (727) 362-4778
                                      Attorneys and Trial Counsel for Plaintiff